**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVIN LOUIS LOWERY, JR., | ) Case No. CV 20-11807-ODW (JPR) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING ACTION FOR ) FAILURE TO PROSECUTE |
| CITY OF LOS ANGELES et al., | ) |
| Defendants. | ) |

On December 31, 2020, Defendant City of Los Angeles removed this civil-rights action to this Court and shortly thereafter filed an Answer to the First Amended Complaint. On January 28, 2021, mail the Court had sent Plaintiff at his address of record was returned as undeliverable, with the notation "Return to Sender — Not Deliverable as Addressed — Unable to Forward." He has not filed a change of address, nor has he communicated with

1

the Court in any way since his lawsuit was removed here.

As Plaintiff likely knows given that this will be the fourth time one of his lawsuits will have been dismissed for the same reason, Local Rule 41-6 provides that

> [a] party proceeding pro se must keep the Court . . . informed of the party's current address . . . . If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.

Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").

In deciding whether to dismiss a lawsuit for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants

that can be overcome only with an affirmative showing of just cause by the plaintiff.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

    Here, the first, second, third, and fifth Carey factors militate in favor of dismissal.  In particular, this is now the fourth time the Court has had to resolve a lawsuit filed by Plaintiff using the same inoperable address.  See Order Dismissing Action, Lowery v. City of L.A., No. CV 18-9644-R (JPR) (C.D. Cal. May 10, 2019) (dismissing lawsuit for failure to prosecute based on plaintiff's failure to file change of address in case filed with same address of record as here), ECF No. 17; Order Dismissing Action, Lowery v. City of Beverly Hills, No. 20-2654-ODW (JPR) (C.D. Cal. Apr. 30, 2020), ECF No. 13 (same); Order Dismissing Action, Lowery v. City of L.A., No, 20-3373-ODW (JPR) (C.D. Cal. May 26, 2020), ECF No. 10 (same).  By not using an address at which he can actually receive mail — or explain to the Court why he is unable to do so — Plaintiff has rendered the Court unable to communicate with him.  And he has not rebutted the presumption of prejudice to Defendants, nor is any less drastic sanction available.  See Scott v. Belmares, 328 F. App'x 538, 539 (9th Cir. 2009) (affirming dismissal of civil-rights lawsuit in part because pro se plaintiff failed to keep court apprised of change of address under Local Rule 41-6).  Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits.  Indeed, because of Plaintiff's repeated filing of lawsuits that he does not prosecute, dismissal should be with prejudice.

1     It therefore is ORDERED that this action is dismissed with prejudice under the Court's inherent power to achieve the orderly and expeditious disposition of cases and because Plaintiff has failed to prosecute it.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 19, 2021           _____
                                       OTIS D. WRIGHT II
                                       U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge